**BAMUNDO, ZWAL & SCHERMERHORN LLP**
James M. Caffrey (JC3360)
111 John Street, Suite 1100
New York, New York 10038
(212) 608-8840

Attorneys for Plaintiff


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**SHARON GANDARILLA**,

      Plaintiff,

  vs.

**THE CITY OF NEW YORK; and**
**ALBERTO SANCHEZ, an individual,**

      Defendants.

-----------------------------------------------------------------X

CIV. NO.: 07-CV-6909 (LTS)

**COMPLAINT**

**Trial by Jury Demanded on all Issues**


## Complaint and Jury Demand

Plaintiff, **SHARON GANDARILLA,** by and through her attorneys, Bamundo, Zwal & Schermerhorn LLP, as and for her Complaint against Defendants, alleges and avers as follows:

### I. PARTIES

1. Plaintiff, Sharon Gandarilla, is a female of legal age. She lives in Orange County, New York.

2. Defendant, City of New York, is a body municipality, organized and operating pursuant to the laws of the City and State of New York. It funds and controls a police department through the New York City Council. The City of New York is located within this Judicial District.

3. Upon information and belief, Defendant, Alberto Sanchez serves as a Captain of Police for the City of New York Police Department. He is of legal age and is sued in his individual capacity. He is a resident of Putnam, New York. He is an "aider and abettor" under NYCHRL and NYSHRL.

## II.  JURISDICTION AND VENUE

4. Gandarilla brings this employment discrimination and civil rights action against the City of New York pursuant to the Civil Rights Act of 1964, as amended, 43 U.S.C. §§2000e et seq. ("Title VII"); the New York State Human Rights Law, New York Executive Law §§290 et seq. ("NYSHRL"); and the New York City Administrative Code §§8-101 et seq. ("NYCHRL"). She brings the action against defendant Sanchez under NYSHRL and NYCHRL, and she makes claims against Sanchez under New York State tort law and pursuant to Section 205(e) of the General Municipal Law of the State of New York.

5. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1343, (3) & (4) and 42 U.S.C. §§ 1983 and 1988 as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution. As Plaintiff's state law claims derive from the same nucleus of operative facts as her federal claims, the Court has pendent jurisdiction pursuant to 28 U.S.C. sec. 1367.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because the defendants have offices, conduct business, and can be found in this district, and the unlawful employment practices and causes of action arose and the acts and omissions complained of occurred in the Southern District of New York.

## ADMINISTRATIVE PREREQUISITES

7. Gandarilla has duly satisfied all administrative prerequisites to commencing this action, as described herein.

8. On March 28, 2007, Gandarilla filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation against Defendants City of New York and Sanchez, attached as Exhibit 1.

9. The U.S. Department of Justice, Civil Rights Division duly issued to Gandarilla a Notice of Right to Sue, and Gandarilla has commenced this action within ninety days thereof.

10. Contemporaneously with the filing of this Complaint, Gandarilla has mailed a copy of the complaint to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

11. That on February 21, 2007, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when, and place where, the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof was duly served on the claimant's behalf on the Comptroller of the City of New York and that, thereafter, said Comptroller for THE CITY OF NEW YORK refused or neglected for more than thirty (30)

days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

12. That on July 20, 2007, pursuant to General Municipal Law Section 50-h, a hearing was held at the Law Offices of Rivera, Hunter and Colon, LLP, 61 Broadway, Suite 1030, County, City and State of New York.

13. That this action was commenced within one (1) year and ninety (90) days after the cause of action accrued.

### III.  FACTUAL AVERMENTS

14. Plaintiff Sharon Gandarilla is a New York City Police Officer and was appointed/hired on June 30, 1998.  She is presently assigned as a Police Officer to the Police Cadet Corps, located within the Police Academy at 235 East 20th Street, NY, NY.

15. In September 2003, Gandarilla was assigned to the in the 23 precinct as Crime Analyst. Defendant Captain Alberto Sanchez was transferred to the precinct as its Executive Officer in September 2003, and immediately changed Gandarilla's assignment to include the function of Highway Safety Officer, which is an administrative assignment typically requiring performance of a duty chart of 0600x1435 Monday through Friday working directly under the supervision of Sanchez.

16. In February 2004 Sanchez began making persistent romantic and sexual advances towards Gandarilla.

17. In 2004, Gandarilla relented and became involved with Sanchez in a sexual relationship.

18. Sanchez began to display increasingly jealous behavior towards Gandarilla to the point where he needed to know her exact location at all hours while she was working and when she was off-duty.

19. In September 2004, upon information and belief, Sanchez was transferred from the 23 precinct as a result of his inappropriate relationship with Gandarilla who was his subordinate.

20. From September 2004 through December 2004, while assigned to the 20 precinct, Sanchez used his authority and rank to visit the 23 precinct in his official capacity to seek Gandarilla and make sexual advances to her. During these visits, Sanchez would order Gandarilla into a secluded office and force her to perform sexual acts against her will.

21. On or about January 2005, Sanchez was transferred to the Police Cadet Corps as its Commanding Officer. The supervisory personnel assigned to Sanchez included Lieutenants and Sergeants, all of whom reported to Sanchez and to whom Gandarilla reported. Non-supervisory personnel included Police Officers and Police Cadets.

22. Sanchez thereafter pressured Gandarilla to transfer to his unit, promising that their relationship would be strictly professional.

23. In March 2005, Gandarilla consented to a temporary transfer to the Police Cadet Corps.

24. Almost immediately, Sanchez began making sexual advances to Gandarilla and in fact forced her to have sex with him against her will while at work.

25. When Gandarilla refused Sanchez' sexual advances, Sanchez would order his Lieutenants and Sergeants to deny vacation time requests made by Gandarilla, and would direct them to assign her undesirable tasks.

26. Between March 2005 and continuing through December 2006, Sanchez was physically abusive to Gandarilla and physically and sexually assaulted her no fewer than thirty (30) times.

27. In January 2006 Gandarilla's former Commanding Officer visited her at the Police Cadet Corps. Sanchez became enraged and accused Gandarilla of sleeping with the former commander and proceeded to physically assault Gandarilla in his office.

28. Gandarilla was forced to take time off from work after that particular assault in an effort to conceal the bruises she incurred.

29. In May 2006 Gandarilla, once again, terminated the relationship with Sanchez and requested to be transferred from the Police Cadet Corps.

30. Sanchez denied Gandarilla's transfer request and told her that the NYPD is a "bosses" job, that he owned Gandarilla, that he loved her and that she would never be transferred from his command.

31. Upon information and belief the Sergeants and Lieutenants assigned to the Police Cadet Corps were aware of Sanchez' violent and inappropriate actions towards Gandarilla and took no action to prevent it.

32. Upon information and belief, Lieutenant Lee who was assigned to the Police Cadet Corps as Gandarilla's supervisor, attempted to convince Sanchez to grant Gandarilla's transfer requests. This attempt was rejected by Sanchez.

33. In September 2006, while Gandarilla attended a function at a restaurant in Lower Manhattan with colleagues, Sanchez arrived and forced Gandarilla outside of the restaurant whereupon he demanded that she resume their relationship. He physically restrained her, preventing her from leaving the scene, and then violently physically assaulted her.

34. Upon information and belief, during the incident in September 2006, the NYPD Internal Affairs Bureau was following, monitoring, and/or filming Sanchez in relation to an unrelated allegation of misconduct against Sanchez and took no police action.

35. When Gandarilla reported for her next tour of duty, she was ordered by Sanchez to go home and take a few days off until the bruising subsided. Sanchez advised Gandarilla that he would "cover" for her while she was gone.

36. On December 1, 2006, Sanchez followed Gandarilla to a function and demanded to meet with her at a location in the Bronx on the pretext of resolving their issues. Once in the Bronx, Sanchez refused to permit Gandarilla from leaving the location and assaulted her. When uniformed police officers arrived at this scene in response to anonymous "911" calls, Sanchez identified himself as a Captain and ordered the responding officers away.

37. Gandarilla reported this incident to the NYPD Internal Affairs Bureau, which resulted in Sanchez's arrest for assault.

38. Sanchez was subsequently indicted by the New York County District Attorney for the September assault which occurred in lower Manhattan. The criminal cases in the Bronx and new York counties are pending.

39. On and after December 3, 2006, Sanchez repeatedly telephoned Gandarilla while he was on duty with the New York City Police Department and verbally threatened her.

40. Upon information and belief, the Internal Affairs Bureau of the New York City Police Department recorded some of the telephone calls from Sanchez to Gandarilla and has an accurate log of the precise time and place of the calls.

41. Following the December arrest of Sanchez, Gandarilla reported for duty at the Police Cadet Corps and was subjected to a hostile work environment created by a newly assigned Lieutenant Sala, who upon information and belief is a personal friend of Sanchez.

42. From December 2006 through present, Gandarilla's has been directed to perform much less desirable assignments than previously assigned and has been subjected to hostile comments made by supervisors for the purpose of intimidating and retaliating against Gandarilla.

43. After December 2006, Gandarilla's personnel records maintained at the Police Cadet Corps, including her "10 card", were removed without authorization. Subsequently, several harassing telephone calls were made to the emergency contact telephone number contained on the "10 card".

44. Subsequent to Sanchez' arrest, Gandarilla's police identification card and shield were stolen from her pocketbook while she attended a function for a fellow police officer. Despite reporting this theft and her suspicion that Sanchez was involved in it, no police action or investigation was commenced. Gandarilla was thereafter disciplined for failing to safeguard her department issued identification.

45. After Sanchez' arrest, Gandarilla's assignments and work hours were changed, and she was subjected to inordinate supervision for the purpose of intimidating her from invoking her rights under applicable laws as well as in retaliation against her for reporting the assault which resulted in Sanchez' arrests.

46. Upon information and belief, upon receiving notice of the EEOC Charge of Discrimination filed by Gandarilla, Lieutenant Sala directed every supervisor in the Police Cadet Corps to deny any request for time off submitted by Gandarilla and to revoke her "flex time" schedule as retaliation for filing the EEOC charge.

47. Despite having received "well above standards" yearly evaluations through her entire career, Gandarilla's most recent evaluation was reduced to "meets standard" and contained negative comments regarding her ability to deal with people. This negative evaluation severely limits and/or makes impossible career advancement.

### IV. CAUSES OF ACTION

### COUNT I
### Title VII

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if set out herein at length.

48. By subjecting plaintiff to a sexually hostile work environment, sexually harassing her and retaliating against her, defendants violated the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983.

49. By subjecting plaintiff to quid pro quo sexual harassment on the basis of her gender, defendants violated the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983.

50. By discrimination and retaliating against plaintiff in the terms and conditions of her employment, defendants have subjected plaintiff to sex discrimination in violation of the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983.

51. As a result of defendants' unlawful acts of discrimination and retaliation, Gandarilla suffered loss of pay and benefits, as well as severe emotional distress.

## COUNT II
## RETALIATION

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if set out herein at length.

53. Defendants intentionally, willfully, and wantonly retaliated against Plaintiff in response to her complaints of sexual harassment, in violation of Title VII, the NYHRL and the NYCHRL.

54. As a direct and proximate result of the Defendant's conduct described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

## COUNT III
## NYSHRL

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" with the same force and effect as if set out herein at length.

56. By subjecting plaintiff to a hostile work environment, quid pro quo harassment, retaliation and discrimination, all on the basis of her gender, defendants violated Section 296 of the Executive Law of the State of New York.

57. As a result of defendants' unlawful acts of discrimination and retaliation, Gandarilla suffered loss of pay and benefits, as well as severe emotional distress.

## COUNT IV
## NYCHRL

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if set out herein at length.

59. By subjecting plaintiff to a hostile work environment, quid pro quo harassment, and discrimination, all on the basis of her gender, defendants violated the NYCHRL.

60. As a result of defendants' unlawful acts of discrimination and retaliation, Gandarilla suffered loss of pay and benefits, as well as severe emotional distress.

## COUNT V
## Aiding and Abetting Under NYSHRL

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" with the same force and effect as if set out herein at length.

62. By the acts alleged herein, Sanchez is liable to Gandarilla for aiding and abetting the illegal acts of the City of New York under NYSHRL.

## COUNT VI
## Aiding and Abetting Under NYCHRL

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" with the same force and effect as if set out herein at length.

64. By the acts alleged herein, Sanchez is liable to Gandarilla for aiding and abetting the illegal acts of the City of New York under NYCHRL.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" with the same force and effect as if set out herein at length.

66. That at all times immediately preceding and during said incident, Defendant ALBERTO SANCHEZ maliciously, embarked on a course of conduct intended to cause Plaintiff to suffer mental and emotional distress, tension and anxiety.

67. That as a result of Defendant's conduct, Plaintiff has become tense, nervous, irritable, suffered great mental anguish, anxiety, loss of sleep, loss of weight and other psychological injuries.

68. That by reason of and as a consequence of said infliction of emotional distress, the Plaintiff has sustained loss of pay and benefits, serious physical and mental injury and accompanying mental stress and anguish.

69. That by reason of the foregoing, Plaintiff SHARON GANDARILLA sustained injuries and damages and begs leave of the Court to award damages accordingly.

## COUNT VIII
## FALSE IMPRISONMENT

70 Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" with the same force and effect as if set out herein at length.

71. That at all times immediately preceding and during said incident, Defendant ALBERTO SANCHEZ maliciously and intentionally unlawfully imprisoned the Plaintiff causing Plaintiff to suffer mental and emotional distress, tension and anxiety.

72. That as a result of Defendant's conduct, Plaintiff has become tense, nervous, irritable, suffered great mental anguish, anxiety, loss of sleep, loss of weight and other psychological injuries.

73. That by reason of and as a consequence of said infliction of emotional distress, the Plaintiff has sustained loss of pay and benefits and serious physical and mental injury and accompanying mental stress and anguish.

### COUNT IX
### ASSAULT AND BATTERY

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" with the same force and effect as if set out herein at length.

75. At time and place alleged above, the individual named Defendant, ALBERTO SANCHEZ, willfully, wantonly, maliciously and recklessly assaulted the Plaintiff and struck her and threw her to the ground.

76. At the time of the assault and battery, the Defendant was an agent, servant and employee of the City of New York Police Department and was acting in the course of his employment. As such, the Defendant THE CITY OF NEW YORK is liable.

77. Upon information and belief at all times hereinafter mentioned, Defendant ALBERTO SANCHEZ, neglected, omitted and/or was willfully and/or culpably negligent in failing to comply with statutes, ordinances, codes, rules, order and/or requirements of State, City and/or local governments then and there existent, including but not limited to Sections 120.00 and 120.05 of the Penal Law, assault in the third degree and assault in the second degree.

78. The injuries sustained by the Plaintiff herein were sustained without any fault, want of care or culpable conduct on the part of the Plaintiff herein, but solely by virtue of the negligent, omission, willful or culpable negligence of the defendant in failing to comply with statutes, ordinances, rules codes, orders and/or other requirements of State, City and/or local governments then and there existent, including but not limited to Sections 120.00 and 120.05 of the Penal Law, assault in the third degree and assault in the second degree.

79. Solely by reason of the foregoing the Plaintiff became sick, sore, lame and disabled, and suffered and still suffers great physical and mental pain, and sustained severe injuries which have required extensive medical treatment. Plaintiff has also sustained loss of pay and benefits.

## COUNT X
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "79" with the same force and effect as if set out herein at length.

81. That at all times immediately preceding and during said incident, Defendant ALBERTO SANCHEZ maliciously and intentionally sexually harassed and sexually assaulted Plaintiff causing mental and emotional distress, tension and anxiety.

82. That as a result of Defendant's conduct, Plaintiff has become tense, nervous, irritable, suffered great mental anguish, anxiety, loss of sleep, loss of weight and other psychological injuries.

83. That by reason of and as a consequence of said infliction of emotional distress, the Plaintiff has sustained loss of pay and benefits, serious physical and mental injury and accompanying mental stress and anguish.

## COUNT XI
## NEGLIGENT:   HIRING;  SUPERVISION

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "83" with the same force and effect as if set out herein at length.

85. The Defendant, THE CITY OF NEW YORK, and its Police Department, and their agents, servants and employees were negligent in hiring the individual named, negligent in training, supervising and controlling said ALBERTO SANCHEZ as they knew or should have known that he was not qualified or fit to be or to continue to be a police commanding officer, and in not establishing proper rules and regulations concerning the incidents complained of herein.

86. That at all times that the Defendant ALBERTO SANCHEZ committed the actions stated in this Complaint while he was acting in the scope of his employment.

87. That by reason of the foregoing, Plaintiff SHARON GANDARILLA sustained injuries and damages and begs leave of the Court to award damages accordingly.

## JURY DEMAND

88. Plaintiff demands a trial by jury on each and every claim to which she is so entitled.

## X. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Honorable Court:

a) Accept jurisdiction over this matter, including the pendent claims;

b) Empanel a jury to hear and decide all questions of fact;

c) Award to the plaintiff compensatory damages against the defendants jointly and severally, for the emotional distress, pain, and suffering caused to her by Defendants' sexual harassment, discrimination and retaliation;

d) Award to the plaintiff punitive damages against Defendants for their malicious and spiteful pattern of sexual harassment;

e) Directing Defendants to pay Plaintiff compensatory damages for the emotional distress, pain and suffering caused by the assault and battery, false imprisonment, negligent hiring and supervision of Defendant Sanchez, and false imprisonment of Gandarilla.

f) Award to plaintiff the reasonable attorney's fees and costs incurred in the prosecution of this matter;

g) Permanently enjoin defendants, their assigns, successors, agents, employee and those acting in concert with them from engaging in sexual harassment, disparate treatment or retaliation against Plaintiff, and

h) Enter any other order the interests of justice and equity require.

Respectfully Submitted,

*/s/ James M. Caffrey*
JAMES M. CAFFREY (JC3360)
BAMUNDO, ZWAL & SCHERMERHORN, LLP
COUNSEL FOR PLAINTIFF
111 JOHN STREET, SUITE 1100
NEW YORK, NEW YORK 10038
(212) 608-8840