UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHARON GANDARILLA,

                Plaintiff,

-against-

THE CITY OF NEW YORK; and
ALBERTO SANCHEZ, an individual,

                Defendants.
------------------------------------------------------------------X

No. 07 Civ. 6909 (LTS)(GWG)

**PRELIMINARY
PRE-TRIAL STATEMENT**

Pursuant to this Court's Preliminary Pre-Trial Order dated August 31, 2007, plaintiff Sharon Gandarilla ("plaintiff"), defendant The City of New York ("City"), and Alberto Sanchez ("Sanchez") file this Preliminary Pre-Trial Statement. The counsel identified below have conferred as required by Fed. R. Civ. P. 26(f) and subsequently prepared the following report.

The pre-trial conference in this matter is scheduled for February 1, 2008 at 2:00 pm before District Judge Laura Taylor Swain in Courtroom No. 17C, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007.

a.    **Nature of this Action**:

Plaintiff is an employee of the Police Department City of New York. Plaintiff asserts claims of employment discrimination based upon allegations of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983 ("Section 1983"); the New York State Human Rights Law, Executive Law §296 et seq. ( the "Executive Law"); and the Administrative Code of the City of New York §8-101 et seq. (The "City Law"). The Plaintiff also seeks relief based upon allegations of retaliation for her opposition to such unlawful employment actions under the Executive Law and City Law. Plaintiff further asserts state tort

claims of Intentional and Negligent Infliction of Emotional Distress, False Imprisonment, Negligent Hiring and Supervision and Assault and Battery.

b.     **Jurisdiction:**

The basis of this Court's jurisdiction of the action is violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. ("Title VII"), which presents a Federal Question. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343, (3) & (4) and 42 U.S.C. §§ 1983 and 1988 as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution. As Plaintiff's state law claims derive from the same nucleus of operative facts as her federal claims, the Court has pendent jurisdiction pursuant to 28 U.S.C. sec. 1367.

**Venue:**

Venue is proper in this judicial district under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because the defendants have offices, conduct business, and can be found in this district, and the unlawful employment practices and causes of action arose and the acts and omissions complained of occurred in the Southern District of New York.

c.     **Material Uncontested/Admitted Facts:**

1.   Plaintiff is a police officer who is employed by Defendant City of New York;

2.   Defendant Sanchez is a police captain employed by Defendant City of New York;

3.   Defendant Sanchez was the Commanding Officer of the Police Cadet Corps;

4.   Defendant Sanchez was assigned as the Executive Officer of the 23rd Precinct in or about September 2003 to September 2004.

5.   Defendant Sanchez was reassigned from the 23rd Precinct to the 20th Precinct

from in or about September 2004 to December 2004;

d. **Uncontested Legal Issues:**

The parties agree that this Court has jurisdiction over plaintiff's claims, and that the plaintiff has the burden of proving that defendants discriminated against her on the basis of her sex and/or retaliated against her in violation of Section 1983, the Executive Law and the City Law. Plaintiff also has the burden of proving all pendent state torts. Plaintiff also has the burden of proving: 1) that the City of New York had a policy in place which was the driving force behind any alleged violation of her rights under § 1983; 2) that defendant Sanchez was acting under color of state law when any alleged violation of § 1983 took place.

If the plaintiff is able to prove a Title VII violation of her rights, Defendant City will then prove that the NYPD had an effective, well-publicized complaint procedure in place to address workplace discrimination, and that plaintiff failed to avail herself of this complaint process.

e. **Legal Issues to be Decided by the Court:**

The parties have not identified any disputed issues of applicable law at this juncture. The parties reserve the right to object to evidence offered at trial. In addition, the plaintiff and defendants reserve the right to move for summary judgment. The parties have agreed to a deadline of November 30, 2008 for such motions.

f. **Material Disputed Facts:**

The material disputed facts presently known to the parties in this action include facts related to whether defendants discriminated against plaintiff on the basis of her sex and/or retaliated against her in violation of Section 1983, the Executive Law and the City Law; whether defendants committed the state torts alleged by plaintiff; whether the City had a policy in place which was the direct cause or "driving force" behind any violation, if any is established, of

plaintiff's rights under § 1983; whether the City, through the NYPD, had an effective, well-publicized complaint procedure in place to address and eliminate workplace discrimination; and if so, whether plaintiff availed herself of it. The parties state that they may discover additional material disputed facts through the course of discovery.

g.    **Legal basis for Causes of Action**

The Plaintiff respectfully submits that her lawsuit is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), the New York State Human Rights Law, Sectino 296 of the New York Executive Law, and the New York City Human Rights Law, Section 8-108 of the New York City Administrative Code. The allegations contained in the lawsuit establish that the Defendants violated the Anti-Discrimination Laws as well as the rules of law established by the United States Supreme Court in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275 (1998) as they relate to establishing the liability of Defendant The City of New York for the harassment of Plaintiff by Defendant Sanchez.

h.    **Legal Basis of Each Defense Asserted**

Defendant City of New York asserts that plaintiff cannot establish any violation of her rights under either Title VII or § 1983 in that any harm or damages that she can establish were caused by her own acts or omissions. Because plaintiff cannot establish as a threshold matter, any constitutional harm, she cannot establish any basis for municipal liability. When a person has suffered no constitutional injury, a constitutional claim cannot be sustained against the NYPD. Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998).

Furthermore, even if plaintiff were able to establish a constitutional violation, she cannot establish that it resulted from a City policy or custom. Therefore, there is no basis for City

liability under §1983 in this matter. It is well-established law under <u>Monell v. Dep't of Soc. Services</u>, 436 U.S. 658 (1978), that to hold a municipality liable for the conduct of its employees, plaintiff must show that "the execution of a government's policy or custom . . . inflicted the injury . . . [and that the] official policy was the moving force behind the constitutional violation . . . ." <u>Monell</u> 436 U.S. at 694-95. "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. at 691.

Similarly, even if plaintiff were to establish a constitutional violation under Title VII, defendant City will establish that the NYPD had in place a well-publicized, effective complaint procedure through its Office of Equal Employment Opportunity ("OEEO"), designed to address and remedy any workplace discrimination. Plaintiff failed to avail herself of this complaint process. Accordingly, plaintiff cannot establish City liability under <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 118 S. Ct. 2257 (1998) and <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 118 S. Ct. 2275 (1998).

Defendant Sanchez has raised the defense of statute of limitations as to the pendant state intentional tort claims which have a one year statute of limitation under New York State CPLR 215. Plaintiff's discrimination claims under New York State Executive Law Section 296 are subject to a three year statute of limitations. Additionally, Defendant Sanchez has raised various equitable defenses to the sexual harassment claims against him because his sexual relationship with Plaintiff was wholly consensual.

i. **Statement of the Measure of Proof**

The burden of proof is on the plaintiff for each cause of action enumerated in the complaint. Plaintiff must prove her discrimination and retaliation claims, as well as the state

torts claimed by a preponderance of the evidence. The burden of proof is on the defendants for each affirmative defense asserted in the answer.

j.     **Amendments to Pleadings:**

The parties have agreed upon a deadline of September 17, 2008 for amendments to the pleadings and addition or substitution of parties and/or causes of action. The parties reserve the right to move to amend the pleadings at a later date is circumstances so require.

k.     **Magistrate:**

The parties do not consent to trial of the case by magistrate judge.

l.     **Fed. R. Civ. P. 26(a) Disclosures**

The parties agree to exchange initial discovery as provided in Rule 26(a)(1) on or before February 29, 2008.

m.     **Subject on disclosure:**

The parties agree that initial discovery requests will be served by March 12, 2008, and that discovery will close on July 15, 2008.

n.     **Expert Evidence**

The parties shall serve initial expert reports no later than September 9, 2008 and shall serve rebuttal expert reports no later than October 6, 2008. Expert discovery, including depositions will close on September 17, 2008.

o.     **Limitations on Discovery pursuant to FRCP and NYCPLR**

The parties anticipate that discovery shall proceed as provided for in the Federal Rules of Civil Procedure and do not foresee the need for any changes in the terms of timing, form or requirements. However, the parties reserve the right to request amendments to the discovery schedule and/or changes in terms of discovery timing, form or requirements if necessary.

p.  **Status of Settlement Discussions:**

Counsel for the parties pursued settlement discussions, but are not able to reach an agreement. The parties request that the Court refer the case to the Magistrate Judge to explore the possibility of settlement after document discovery.

q.  **Jury:**

Plaintiff respectfully demands a trial by jury and will require two (2) days to present her case in chief. Defendant City anticipates two (2) days for its defense. Defendant Sanchez anticipates approximately two (2) days to present his defense case.

r.  **Ancillary Orders:**

The parties anticipate that a Protective Order to protect the sensitive and confidential information of the parties may be warranted. The parties will attempt to reach and agreement on such Order.

Dated: New York, New York
       February 7, 2008

BAMUNDO, ZWAL & SCHERMERHORN, LLP
*Attorneys for Plaintiff*
By:

_____
JAMES M. CAFFREY (JMC3360)
111 John Street, Suite 1100
New York, New York 10038
(212) 608-8840
Email: jmc@bzslaw.com

JONES GARNEAU, LLP
*Attorneys for Defendant*
Alberto Sanchez
By:

_____
STEVEN T. SLEDZIK (STS 8869)
670 White Plains Rd. Penthouse
Scarsdale, New York 10583
(914) 472-2300
Email: ssledzik@jonesgarneau.com

MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
*Attorney for Defendant*
City of New York

By: *[signature]*

PHYLLIS CALISTRO (PC5527)
Senior Counsel, pcalistr@law.nyc.gov
100 Church Street, Room 2-112
New York, New York 10007
(212) 788-8682